# Jamison *v.* The State.

## *Murder.*

(Decided January 23, 1913.  60 South. 944.)

1. *Witnesses; Cross-Examination; Defendant; Scope.*—Where defendant had interposed the plea of not guilty, and not guilty by reason of insanity, and had testified in his own behalf, among other things, to certain statements made to him by his wife as to decedent's conduct towards her, it was not necessary that the state on cross-examination should assume the truth of the claim that defendant was rendered mentally irresponsible as the result of such statements, and it was, therefore, competent to elicit, on the cross, circumstances indicating that such information was not such as, without corroboration, was calculated to lead to a conviction that decedent had been guilty of the fault imputed to him.

2. *Same.*—On cross-examination of defendant it was competent to show an apparent lack of genuineness of letters which the accused stated were shown him by his wife, and which were claimed to have been written to her by deceased.

3. *Charge of Court; Request for.*—Where the bill of exceptions fails to show that charges were requested before the jury retired, such charges will not be reviewed on appeal.

4. *Homicide; Evidence; Character of Decedent.*—The character of decedent relative to his conduct towards women was irrelevant and inadmissible, notwithstanding defendant claimed that he killed him because of an uncontrollable impulse arising on receipt of information of improper conduct towards his wife, on the part of decedent.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Lewis Jamison was convicted of manslaughter and he appeals.  Affirmed.

LETCHER, MCCORD & HAROLD, for appellant.  Counsel discuss the errors assigned, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—If the question asked by the defendant's counsel on the redirect examination of his witness Cloud, as to a statement made to the witness by a third person, was otherwise unobjectionable, its leading and suggestive form justified the court in sustaining the solicitor's objection to it. For a like reason, the court was justified in sustaining the objection of the solicitor to questions asked by the defendant's counsel on his direct examination of the witness W. H. Taylor, Jr.

The defendant pleaded to the indictment "not guilty, and not guilty by reason of insanity." It was sought to be shown that in killing the deceased he was impelled by an uncontrollable impulse arising on his receipt of information of the existence of illicit relations between his wife and the deceased. He was examined as a witness in his own behalf. It was not incumbent upon the solicitor, in his cross-examination of the defendant, to assume the truth of the claim made in his behalf that he was rendered mentally irresponsible as the result of the statement, deposed to by him on his direct examination, as having been made to him by his wife in reference to conduct of the deceased towards her, and it was permissible for the solicitor, by cross-questions directed to that end, to elicit circumstances going to show that the information claimed by the defendant to have been imparted to him by his wife was not such as, without corroboration, was calculated to lead to a conviction that the deceased had been guilty of the fault imputed to him. We discover no abuse of the right of cross-examination in any of the questions propounded by the solicitor to the defendant to which objections were made. On similar considerations it was permissible for the state to adduce evidence tending to bring out the apparent lack of genuineness of letters which the defendant stated

were shown to him by his wife and which were claimed to have been written to her by the deceased.

The character of the deceased "relative to his conduct towards women" was not within the issues in the case, and evidence of it had no bearing upon any of such issues. The objection of the solicitor to the question of the defendant's counsel to his witness McIntosh as to the knowledge of the witness of the character of the deceased in that respect was properly sustained.

The bill of exceptions sets out several written charges which are stated to have been requested by the defendant and to have been refused by the court. It is not made to appear that either of those charges was requested before the jury retired to consider its verdict, and so it is not made to appear that the court was in error in refusing the request as made.

No reversible error is found in the record.

Affirmed.